

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANCE C. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | CA **3-01CV1072-G** |
| HENRY CUELLAR, in his capacity as | § | |
| The Secretary of State of Texas, and THE | § | |
| TEXAS STATE BOARD OF EDUCATION | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Vance C. Miller ("Miller") complains of Defendants Henry Cuellar, in his Capacity as the Secretary of State of Texas ("Secretary of State") and the Texas State Board of Education ("Board of Education"), as follows:

### Parties

1.  Miller is a citizen of the State of Texas, a resident within the Northern District, Dallas Division, Dallas, Texas, and a qualified and registered voter in Texas.

2.  Secretary of State may be served at his offices at 1100 Congress Avenue, Suite 1E.8, Austin, Texas 78701.

3.  Board of Education may be served by serving Jim Nelson, Commissioner of Education, 1701 N. Congress Avenue, Austin, Texas 78701.

PLAINTIFF'S ORIGINAL COMPLAINT - Page 1

4. Notice has been provided to the Attorney General of the State of Texas, by serving a copy of this complaint on him in Austin, Texas.

## Jurisdiction and Venue

5. This Court has jurisdiction over the matters made the basis of this complaint pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to this action occurred in this district.

## Request for Three-Judge Court

7. Plaintiff requests a three-judge court pursuant to 28 U.S.C. § 2284. This case is procedurally comparable to *Freeman v. Dies*, reported at 307 F.Supp. 1028.

## Facts

8. The Board of Education has duties and responsibilities as assigned to it by the Constitution of Texas and the Legislature in various statutes including, but not limited to the Texas Education Code. Its various duties and responsibilities include:

    (a) Developing and updating a long-range plan for public education;

    (b) Entering into contracts relating to, or accepting grants for, the improvement of educational programs authorized by statute;

    (c) Establishing curriculum and graduation requirements;

(d) Establishing a standard of performance considered satisfactory on student assessment instruments;

(e) Creating special-purpose school districts;

(f) Providing a training course for school district trustees;

(g) Adopting rules establishing criteria for certifying hearings examiners;

(h) Adopting rules to carry out certain required curricula;

(i) Establishing guidelines for credit by examination;

(j) Adopting transcript forms and standards for differentiating high school programs for purposes of reporting academic achievement;

(k) Adopting guidelines for determining financial need for purposes of the Texas Advanced Placement Incentive Program and approving payments thereunder;

(l) Developing and updating a state plan for the education of gifted and talented students;

(m) Adopting rules for approving adult education programs;

(n) Adopting rules relating to community education development projects;

(o) Approving a plan for coordination of services to children with disabilities;

(p) Adopting rules prescribing the form and content of information which school districts are required to provide concerning programs offered by certain state institutions;

(q) Developing and updating a long-range plan concerning technology in the public school system adopting rules and policies applicable thereto;

(r) Approving programs for testing students for dyslexia and related disorders;

  (s) Performing certain duties in connection with the public school accountability system;

  (t) Performing duties in connection with the Foundation School Program;

  (u) Investing, within limits, the Permanent School Fund;

  (v) Adopting rules concerning school district budgets and audits.

9. Texas Education Code §7.101 (Vernon 1996) sets forth that the Board of Education for the State of Texas is currently comprised of fifteen (15) members, each to be elected from one of fifteen districts as established by §§ 11.2101(b)-(t) of the Texas Education Code, previously enacted in Chapter 2, Acts of the 72nd Legislature (2nd Called Session) in 1991. The election of a single member from each district is designed to insure that all citizens of the State of Texas have approximately equally weighted votes (sometimes referred to as to the "one man-one vote" principle) in accordance with the protections afforded citizens of the State of Texas under Equal Protection Clause in the Fourteenth Amendment to the United States Constitution. Article 3, § 28 to the Texas Constitution provides that the Texas State Legislature, at its first regular session after the publication of each United States decennial census, is to reapportion the State into districts which accurately reflect the shifts and changes in population throughout Texas such that the "one man-one vote" principle is maintained and a single person's vote is not over-represented or under-represented in different districts or different parts of the state.

10. Miller lives in a district which, according to the last census in 2000, is over-populated. There are many under-populated districts, including at least one such district adjacent to the district in which Miller resides.

11. The first regular session of the Legislature following the issuance of the 2000 census results has now concluded, with no reapportionment of the Board of Education electoral districts. As a result, the Board of Education is now unconstitutionally constituted through elections which violate the "one man-one vote" principle

12. Miller has, at considerable time and expense, and with the assistance of the Texas Legislative Council, prepared and devised a plan for reapportionment of the districts which meets constitutional requirements and guidelines promulgated by the United States Department of Justice for apportioning electoral districts.

### Count One - Declaratory Relief

13. Miller realleges and incorporates paragraphs 1 through 12 in this Count One.

14. Miller seeks declaratory relief that the present configuration of the electoral districts for the Texas Board of Education are in violation of the equal protection guaranties afforded the citizens of the State of Texas under the 14th Amendment to the United States Constitution, and Article 3, § 28 of the Texas Constitution.

### Count Two - Injunctive Relief

15. Miller realleges and incorporates paragraphs 1 through 14 in this Count Two.

16. Miller seeks a final and permanent injunction enjoining the election of members to the Board of Education under the 1991 districting statute referred to above. The Secretary of State is in charge of conducting such an election.

## Count Three - Redistricting by this Court

17.     Miller realleges and incorporates paragraphs 1 through 16 in this Count Three.

18.     Miller requests this Court to adopt, by judgment in equity, his plan for redistricting, or such other plan as may be lawful and appropriate.

## Demand for Relief

WHEREFORE, Plaintiff Vance Miller prays for relief as follows:

(1)     That the Secretary of State be cited to appear and answer;

(2)     That the Board of Education be cited to appear and answer;

(3)     For declaratory relief as requested in Count One;

(4)     For injunctive relief as requested in Count Two;

(5)     For equitable relief as requested in Count Three; and

(7)     For such other and further relief, both general and special, at law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

THOMAS & CULP, L.L.P.
1601 Elm Street
Suite 2300
Dallas, Texas 75201
(214) 953-0000
(214) 953-0006 - FAX

By: _____
    Tom Thomas
     TX Bar No. 19870000
    Marc S. Culp
     TX Bar No. 05212700
    Beth Ann Blackwood
     TX Bar No.12789140
    Benjamen S. Dyer
     TX Bar No. 00795332

ATTORNEYS FOR PLAINTIFF